# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

ROBERT P. HAYES     PLAINTIFF

v.     CAUSE NO. 1:16CV314-LG-RHW

BRINK'S INCORPORATED, and
JOHN DOES 1-5     DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the [37] Motion for Summary Judgment filed by Defendant Brink's Incorporated. The plaintiff, who was initially represented by counsel but is now proceeding pro se, did not respond.[1] After due consideration of Brinks' submissions and the relevant law, it is the Court's opinion that there is no question of material fact for the jury regarding any of Hayes' employment-related claims. Accordingly, Brinks' Motion will be granted and this case dismissed.

### BACKGROUND

Hayes was first employed by Brink's in April 2005 as an armored car driver in St. Louis, Missouri. As a driver, Hayes was required by law to maintain a valid commercial driver's license issued by the U.S. Department of Transportation ("DOT"). (Def. Mot. Ex. A, ECF No. 37-1). In order to obtain such a license, Hayes was required to undergo a DOT physical examination conducted by a licensed medical examiner listed on the Federal Motor Carrier Safety Administration ("FMCSA") National Registry. (*Id.*). Additionally, Hayes was periodically required

---

[1] Hayes attended a settlement conference conducted by Magistrate Judge Walker on December 7, 2017.

to undergo additional physical examinations in order to maintain his commercial license. *Id.*

An essential function of Hayes' position was that he be able to carry a Brink's-issued firearm at all times during his employment. (Def. Mot. Ex. A, ECF No. 37-1). Pursuant to Brink's policy, to be able to carry a Brink's-issued firearm, Hayes was required to pass Brink's written Firearms Test and Brink's Range Qualification by hitting a minimum of forty-eight out of sixty attempted target shots. (*Id.*). Hayes testified that he was required to pass the Range Qualification every six (6) months during his employment with Brink's. (Def. Mot. Ex. D 63, ECF No. 37-4).

In October 2014, Hayes moved to the Mississippi Gulf Coast and was permitted to transfer to Brink's location in Biloxi, Mississippi. Approximately three months after he transferred to Mississippi, on December 20, 2014, Hayes failed to qualify with a firearm when he missed twenty (20) out of sixty (60) attempted shots at the FBI Q Target which Brink's uses as a qualifying target range. (*Id.* at 68-72; Def. Mot. Ex. A, ECF No. 37-1). On his second attempt that day, Hayes missed twenty-seven out of sixty attempted shots. (*Id.*). Hayes was instructed to practice his marksmanship skills and was permitted to attempt to qualify again approximately one month later on January 24, 2015. (Def. Mot. Ex. D 72, ECF No. 37-4). However, Hayes admits he did not follow his supervisor's instructions to practice, and he again failed to qualify after three attempts that day. (*Id.* at 72, 75-76, 103). Brink's permitted Hayes to attempt to qualify on a third occasion on

January 31, 2015, but Hayes again failed to qualify. Having given Hayes three opportunities to qualify to carry a firearm, Brink's placed Hayes on a thirty day suspension effective February 9, 2015. (Def. Mot. Ex. A-5, ECF No. 37-1). Hayes was informed that if he was still unable to qualify with a firearm after thirty days, his employment could be subject to termination. *Id.* Brink's policies provide that, "It is the responsibility of the employee to acquire and maintain all licenses and permits required for [the employee] to perform your security, protection and safety duties." (Def. Mot. Ex. A-1, at 10, ECF No. 37-1) (ECF pagination). While Brink's agrees to "pay for required gun and guard licenses and related required training within its discretion," Brink's policies inform employees that if they are "not granted a required permit or license, or if the permit or license is withdrawn or expires, [the employee] may be immediately suspended or discharged." *Id.*

On or about February 10, 2015, Hayes went to the emergency room and was diagnosed with kidney failure. (Def. Mot. Ex. D 79-82, ECF No. 37-4). Hayes requested and was granted FMLA leave, which expired May 5, 2015. (Def. Mot. Ex. A-6; A-7, ECF No. 37-1). After May 5, 2015, Hayes was unable to return to work and was granted short term disability benefits by Cigna for a total period of more than six months. (Def. Mot. Ex. A-9, ECF No. 37-1). Throughout Hayes' leave of absence, Cigna communicated the status of his leave and informed him on multiple occasions regarding the requirement that he provide information regarding his ability to return to work. (*Id.*).

While out on medical leave, Hayes' commercial driver's license expired.

Hayes testified that he attempted to renew his license but the Brink's-approved DOT physician refused to renew his license. (Def. Mot. Ex. D 144-45, ECF No. 37-4) Hayes' medical records state that as of March 18, 2015, "he does not qualify for a DOT card and this was explained to him." (Def. Mot. Ex. E, ECF No. 37-4). Hayes admits he was never able to obtain a commercial drivers' license during his employment after his diagnosis. (Def. Mot. Ex. D 204, ECF No. 37-4). Hayes also admits he was never able to requalify with a firearm. (*Id*., at 87-92). According to Hayes, his physician would not clear him to shoot a firearm because he was not able to lift more than ten (10) pounds and "shooting a gun would have been a jerking in [his] stomach." (*Id*. at 87). Hayes never provided Brink's with any information indicating he had been released by his physician to attempt to requalify with a firearm. (Def. Mot. Ex. A 5, ECF No. 37-1).

Brink's notified Hayes via letter dated August 21, 2015 that, because his leave of absence had exceeded six months and he had not provided Brink's with information indicating his ability to return to work, his employment would be terminated on August 28, 2015 unless Hayes provided Brink's with information prior to that date regarding his ability to return. (*Id*.). Having heard nothing as to Hayes' ability to return, Brink's administratively terminated Hayes' employment effective August 28, 2015. (*Id*.). Hayes was notified in writing of his termination and also provided notification of his rights for continuation of benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA."). (*Id*.).

Contemporaneous to the termination of his employment from Brink's or

shortly thereafter, Hayes applied for and was granted Social Security disability benefits, which he still currently receives. (Def. Mot. Ex. F, ECF No. 37-6). According to the Social Security Administration, Hayes' qualifying disability began February 25, 2015 – several weeks after he was suspended for failing to qualify with a firearm and six months prior to the termination of his employment. *Id*.

DISCUSSION

**A. The Legal Standard**

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Hayes has not submitted any argument or evidence in opposition to Brinks' Motion. Nevertheless, Brink's has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

**B. Americans with Disabilities Act Claim**

The ADA prohibits employers from discriminating against qualified individuals with a disability. 42 U.S.C. § 12112, et seq. Where, as here, a plaintiff

offers no direct evidence of discrimination, the burden-shifting analysis set forth by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), applies to the summary judgment analysis of an ADA discrimination claim. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 300 (5th Cir. 1999). To establish a prima facie case of intentional discrimination under *McDonnell Douglas*, Hayes must show he: (1) is disabled, has a record of having a disability, or is regarded as disabled; (2) was qualified for the job; and (3) was subjected to an adverse employment action. *E.E.O.C. v. LHC Group, Inc.*; 773 F.3d 688, 694-97 (5th Cir. 2014). Only if Hayes satisfies his prima facie case does the burden of production shift to Brink's to rebut the prima facie case by articulating a legitimate, nondiscriminatory reason for its action. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993). However, the ultimate burden of proving intentional discrimination remains with Hayes at all times. *Id*. at 507. Hayes "must put forward evidence rebutting each of the nondiscriminatory reasons [Brink's] articulates" and must show "that a discriminatory motive more likely motivated [Brink's] decision . . . or that [Brink's] explanation is unworthy of credence." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001) (citation and internal quotation marks omitted); *see also Delaval v. PTech Drilling Tubulars, L.L.C.*, 824 F.3d 476, 478-799 (5th Cir. 2016).

Brinks argues that Hayes cannot show that he was qualified for the position because he could not qualify to carry a Brinks-issued firearm. The ADA defines a

"qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8).  A plaintiff can establish that he is "qualified" by showing that "either (1) [he] could perform the essential functions of the job in spite of [his] disability," or "(2) that a reasonable accommodation of [his] disability would have enabled [him] to perform the essential functions of the job." *LHC Grp.*, 773 F.3d at 697 (quoting *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1093 (5th Cir. 1996)). As a driver transporting valuable property in armored vehicles, Hayes was required to be able to carry a Brink's-issued firearm at all times during his employment. "Providing a 'reasonable accommodation' under the ADA does not require the employer to 'relieve the employee of any essential functions of the job, modify the actual duties, or reassign existing employees or hire new employees to perform those duties.'" *Claiborne v. Recovery Sch. Dist.*, 2017 WL 2480724, at *4 (5th Cir. June 7, 2017) (quoting *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 295 (5th Cir. 1998)). It is undisputed that Hayes was not qualified to carry a Brink's-issued firearm at the time he went out on a leave of absence and that he was never cleared by his physician to attempt to requalify with a firearm prior to the termination of his employment more than six months later.

Further evidence that Hayes was not qualified for his job is the fact that he was granted Social Security disability benefits based upon his inability to work beginning February 22, 2015 – months prior to the termination of his employment. "An individual is entitled to Social Security benefits 'only if his physical or mental

-7-

impairment or impairments are of such severity that he is not only unable to do his previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Crews v. Dow Chem. Co.*, 287 F. App'x 410, 412 n.2 (5th Cir. 2008) (quoting 42 U.S.C. § 423(d)(2)(A)). As the Fifth Circuit has recognized, Hayes "cannot claim incapacity to work for [purposes of an application for Social Security benefits] and then claim capacity to work for purposes of the ADA." *Id.* at 412; *see also Reed v. Petroleum Helicopters, Inc.*, 218 F.3d 477, 480–81 (5th Cir. 2000) (holding that the plaintiff could not perform the essential functions of the job at the time of her termination because during her leave she was "medically unable to perform the duties of her job" and shortly after she was terminated her "physician stated that she could not work"). Accordingly, the uncontested evidence shows that Hayes was not qualified to perform the duties of a Brink's driver and his claim fails at the prima facie stage.

Even if Hayes could satisfy his prima facie burden, Brink's has established a legitimate non-discriminatory reason for his termination. Brink's terminated Hayes' employment only after he exhausted the maximum leave of absence allowed by Brink's policies without providing Brink's information indicating he was able to return to work. Although Hayes testified that his physician provided a letter to Brink's releasing him for light work, he also testified that his physician never released him to attempt to requalify with a firearm. Hayes cannot demonstrate through competent summary judgment evidence a genuine issue of material fact with regard to whether Brink's reason for terminating his employment is merely a

pretext for intentional discrimination. Therefore, his ADA claim fails and summary judgment is appropriate.

**C. Hostile Work Environment Claims**

   i). Title VII

The Court lacks jurisdiction of any Title VII claims Hayes attempts to make here. In order to bring a Title VII claim in this Court, Hayes must have presented the same claim to the EEOC. The exhaustion requirement is only met for claims "within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *See Walton-Lentz v. Innophos*, 476 F. App'x 566, 569 (5th Cir. 2012) (plaintiff failed to exhaust administrative remedies with respect to hostile work environment claim because she only alleged retaliation in her charge). Hayes' charge of discrimination mentions only the ADA, not any characteristic protected by Title VII. (Def. Mot. Ex. G, ECF No. 37-7). Accordingly, the Title VII hostile work environment claim will be dismissed for lack of jurisdiction. *See Filer v. Donley*, 690 F.3d 643, 648 (5th Cir. 2012).

   ii). The Americans with Disabilities Act

Hayes alleges a hostile work environment claim under the ADA, but his allegations concern only Brinks' refusal to allow him to go back to work after he was diagnosed with kidney failure. (*See* Compl. 5, ECF No. 1). Further, Hayes did not testify about any harassment based on his disability. (*See* Def. Mot. Ex. D 133-36, ECF No. 37-4). In order to establish a hostile work environment based on disability, Hayes must show: (1) that he belongs to a protected group; (2) that he

was subjected to unwelcome harassment; (3) that the harassment complained of was based on his disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that Brink's knew or should have known of the harassment and failed to take prompt, remedial action. *Flowers v. So. Regi'l Physician Servs., Inc.*, 247 F.3d 229, 232-35 (5th Cir. 2001). *Id.* at 235-36 (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 563 (5th Cir. 1998)). Given that Hayes does not identify any actions that could be considered "unwelcome harassment" based on his disability of kidney failure, he to establish a prima facie case of hostile work environment under the ADA.

iii). The Family Medical Leave Act

With regard to Hayes' claim that he was subjected to a hostile work environment in violation of the FMLA, it is unclear that such a claim is cognizable under the FMLA. *See Smith-Schrenk v. Genon Energy Servs., L.L.C.*, No. H-13-2902, 2015 WL 150727 at *4 n.60 (S.D. Tex. Jan. 12, 2015) (construing plaintiff's FMLA hostile work environment claim as an ADA hostile work environment claim) ("Plaintiff has not cited to and the court has not found any case wherein a federal court has recognized a FMLA cause of action based on hostile environment harassment.") (citing *Flowers*, 247 F.3d at 235 ). Moreover, it is undisputed that Hayes never returned to work following his leave of absence, and Hayes admits he was not subjected to any comments or harassment based on his disability or the taking of protected medical leave. To the contrary, Brink's retained Hayes' employment well beyond the statutorily required twelve weeks provided for by

FMLA and only terminated his employment after Hayes was unable to return to work for more than six months. Hayes' claim of hostile work environment based on the FMLA, even if it is cognizable, is without any support in the record. It will be dismissed.

**D. ERISA Claim**

Hayes alleges in his Complaint that he was a participant and/or beneficiary in certain benefit plans in connection with his employment with Brink's, that these plans constitute employee welfare benefit plans and employee pension benefit plans as these terms are defined under ERISA, and that Brink's unlawfully interfered with his rights as a plan participant by discharging his employment in violation of Section 510 of ERISA, 29 U.S.C. § 1140.6. In particular, Hayes alleges he was a participant in a major medical insurance plan that provided coverage to himself and his spouse. Section 510 of ERISA provides, in relevant part, that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary . . . for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act." 29 U.S.C. § 1140.

To recover under Section 510, Hayes must make a prima facie showing of the following: (1) prohibited (adverse) employer action (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled." *Miles-Hickman v. David Powers Homes, Inc.*, 589 F. Supp. 2d 849, 876 (S.D. Tex.

2008) (quoting *Bodine v. Emp'rs Cas. Co.*, 352 F.3d 245, 250 (5th Cir. 2003)). Importantly, to succeed on his Section 510 claim, Hayes must show Brink's acted with a specific intent to interfere with his ERISA rights. *McGann v. H & H Music Co.*, 946 F.2d 401, 404 (5th Cir. 1991). Proof of an incidental loss of benefits is not enough to recover under Section 510. *See Kouvchinov v. Parametric Tech. Corp.*, 537 F.3d 62 (1st Cir. 2008) ("[W]ithout a specific intent requirement, every terminated employee who has exercised his or her right to benefits would, ipso facto, have a potential retaliation claim against the employer. That would destroy ERISA's carefully calibrated balance of rights, remedies, and responsibilities in the workplace.") (internal citations omitted)). Brink's has shown there are no facts surrounding Hayes' termination that show more than an incidental loss of benefits, which is insufficient to establish a prima facie Section 510 case.

Additionally, as with his ADA claim, Hayes must establish that he was qualified for the position. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 261 (5th Cir. 2001); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415 (5th Cir. 2007) (relying on *Holtzclaw* in granting summary judgment for the employer on the plaintiff's ERISA claims where evidence suggested the plaintiff's employment was terminated because he was unable to perform his job function). Because Hayes was not qualified for his position based upon his inability to qualify with a firearm, his ERISA claim fails. Moreover, even if Brink's were able to establish a prima facie

case, to recover under Section 510, he must show the reasons given for the termination of his employment were pretextual and the true purpose of the discharge was to deprive him of impending benefits. *See Stafford v. True Temper Sports*, 123 F.3d 291, 295 (5th Cir. 1997). Because Brink's has a legitimate, non-discriminatory reason for discharging Hayes, the burden shifts back to him to show Brink's reason was pretextual. For the same reasons set forth above with regard to his disability discrimination claim, there is no indication that Hayes can establish Brink's reason for firing him was pretext for depriving him of impending benefits. For all these reasons, Hayes' ERISA claim lacks merit, and Brink's is entitled to summary judgment.

CONCLUSION

Brink's has shown there are no questions of material fact for the jury in regard to any of Hayes' claims. Accordingly, Brinks' Motion for Summary Judgment will be granted and this case dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [37] Motion for Summary Judgment filed by Defendant Brink's Incorporated is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A separate judgment will enter.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE