IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROBERT P. HAYES**                                                                                    **PLAINTIFF**

**v.**                                        **CAUSE NO. 1:16CV314-LG-RHW**

**BRINK'S INCORPORATED, and**
**JOHN DOES 1-5**                                                                  **DEFENDANTS**

## ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is the [43] Motion for Reconsideration filed by the plaintiff, Robert P. Hayes, who proceeded pro se in this employment discrimination lawsuit. The Court granted summary judgment in favor of the defendant, Brink's Incorporated. Hayes had not filed any response to Brinks' summary judgment motion, but he now argues that the Court should not have dismissed his claims. Brink's responds that Hayes' motion is untimely under Fed. R. Civ. P. 59(e), fails to present any new evidence, and if Hayes has evidence to support his claims he should have provided it in response to the summary judgment motion.

Hayes' motion was filed within twenty-eight days of the Court's ruling, and therefore it is timely under Rule 59(e). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment."). Nevertheless, the motion does not present grounds for altering or amending the Court's judgment.

A Rule 59(e) motion calls into question the correctness of a judgment. *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the

need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cty.*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Hayes argues that the Court must reconsider its ruling so that he can present his evidence and be heard, which might be characterized as preventing manifest injustice.

"A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotation marks omitted). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Id.* After reviewing Haye's motion, the Court finds no mention of evidence that was not available before the Court entered judgment, or of an intervening change in the law. And although Hayes argues in support of his claims, his arguments should have been presented in time for the Court to consider them before issuing judgment. In any event, having considered Hayes' arguments, the Court finds no basis for reconsidering its judgment. Hayes' Motion will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [43] Motion for Reconsideration filed by the plaintiff, Robert P. Hayes, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of February, 2018.

<u>s/ *Louis Guirola, Jr.*</u>
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE